**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES LEE HUFFMAN, | | No. 4:25-CV-02334 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| DAVID CLOSE, | | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

**FEBRUARY 24, 2026**

Petitioner James Lee Huffman is currently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania.  He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his convictions and sentence entered by the Court of Common Pleas for Columbia County, Pennsylvania, at docket number CP-19-CR-0000687-2022.[1] For the following reasons, the Court will require Huffman to show cause as to why

---

[1]    *See generally* Doc. 1.

his Section 2254 petition should not be dismissed as procedurally defaulted[2] and barred by the relevant statute of limitations.[3]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[4] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[5]  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[6]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[7]  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal

---

[2]  This Court may *sua sponte* raise the issue of failure to exhaust state remedies and procedural default in a Section 2254 proceeding, even if waived by Respondent, "to further the interests of comity, federalism, and judicial efficiency."  *See Sweger v. Chesney*, 294 F.3d 506, 520-21 & n.13 (3d Cir. 2002) (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)); *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987).  "Because [comity between sovereigns and judicial efficiency] concerns substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be raised or waived."  *Sweger*, 294 F.3d at 520 n.13 (quoting *Szuchon v. Lehman*, 273 F.3d 299, 321 n.13 (3d Cir. 2001)); *Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004).

[3]  The Court may also "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."  *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also* 28 U.S.C. § 2254 Rule 4.

[4]  28 U.S.C. §§ 2241-2254.

[5]  *Id.* § 2254(b)(1)(A).

[6]  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

[7]  *Carpenter*, 296 F.3d at 146 (citations omitted).

habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[8]  "This exhaustion requirement is predicated on the principle of comity which ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights."[9]

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[10]  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[11]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[12]  If cause and prejudice are established, the federal

---

[8]   *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

[9]   *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

[10]  *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).

[11]  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).

[12]  *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[13]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[14]  To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[15]

Additionally, the AEDPA establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[16]  In most cases, and as appears to be relevant for Huffman's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[17]  The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[18]

Huffman was sentenced by the Court of Common Pleas of Columbia County, Pennsylvania, on February 15, 2024.[19]  On March 25, 2024, he filed a *pro*

---

[13]  *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

[14]  *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).

[15]  *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

[16]  *See* 28 U.S.C. § 2244(d)(1).

[17]  *Id.* § 2244(d)(1)(A).

[18]  *Id.* § 2244(d)(2) (emphasis added).

[19]  *See Commonwealth v. Huffman*, No. CP-19-CR-0000687-2022 (Pa. Ct. Com. Pl. Columbia Cnty.).

*se* post-sentence motion seeking reconsideration of his sentence.[20]  No action was taken on this post-sentence motion, likely because it was filed out of time.[21] Huffman then filed a *pro se* notice of appeal on July 3, 2024.[22]  It appears that he filed a second *pro se* notice of appeal for the same case on August 19, 2024.[23]

On December 5, 2024, the Superior Court of Pennsylvania issued Huffman a rule to show cause, which explained that his post-sentence motion and his notices of appeal were filed out of time and required him to show cause as to why his appeal should not be quashed as untimely.[24]  Huffman failed to respond to this show-cause order, so on December 30, 2024, the Superior Court quashed Huffman's appeal.[25]

It does not appear that Huffman challenged the Superior Court's decision or filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA)[26] in the sentencing court.  Although Huffman alleges in his Section 2254 petition that he filed a PCRA petition on March 15, 2024 (asserting ineffective assistance of

---

20   *See id.*
21   *See id.*
22   *See Commonwealth v. Huffman*, No. 1677 MDA 2024 (Pa. Super. Ct.).
23   *See Commonwealth v. Huffman*, No. 1310 MDA 2024 (Pa. Super. Ct.).
24   *See id.*
25   *See id.*
26   42 PA. CONS. STAT. § 9541 *et seq.*

counsel),[27] no such PCRA petition appears on the publicly available docket for case number CP-19-CR-0000687-2022.[28]

Accordingly, because the Superior Court quashed Huffman's direct appeal without reaching the merits of any claim, and because it does not appear that Huffman properly filed any post-conviction challenges in state court, none of the claims in the instant Section 2254 petition appear to have been exhausted. Thus, on February 5, 2026, the Court issued Huffman a show-cause order, giving him 14 days in which to demonstrate why his petition should not be dismissed for failure to exhaust state remedies.[29] To date, Huffman has not responded to this Order in any way.

As noted above, Huffman was sentenced on February 15, 2024. He therefore had 30 days—or until Monday, March 18, 2024—to file a notice of appeal.[30] Because Huffman did not timely file his post-sentence motion or timely appeal his conviction, his judgment of conviction likely became "final" for post-conviction purposes on March 18, 2024. Huffman, therefore, had until March 18, 2025, to file a petition for post-conviction relief (*i.e.*, PCRA) in state court[31] or to

---

[27] *See* Doc. 1 at 3.
[28] *See generally Commonwealth v. Huffman*, No. CP-19-CR-0000687-2022 (Pa. Ct. Com. Pl. Columbia Cnty.).
[29] Doc. 5.
[30] *See* PA. R. APP. P. 903(c)(3) (requiring, in criminal cases where no post-sentence motion has been filed, that notice of appeal be filed "within 30 days of the imposition of the judgment of sentence in open court").
[31] *See* 42 PA. CONS. STAT. § 9545(b)(1) (requiring, generally, that PCRA petition must be filed "within one year of the date the judgment becomes final").

file a Section 2254 petition in federal court.[32]  Again, the publicly available state-court docket does not reflect any such PCRA petition being filed, and Huffman did not file his Section 2254 petition until December 5, 2025.[33]

Huffman, however, cannot bring post-conviction claims to federal court unless he properly exhausted them in state court or can excuse the procedural default of his claims by showing cause and prejudice or a miscarriage of justice. He likewise cannot file a Section 2254 petition that is facially untimely without establishing statutory or equitable tolling for his one-year statute of limitations. Therefore, the Court will give Huffman an opportunity to show cause as to why this Court should not dismiss his Section 2254 petition as procedurally defaulted and facially untimely.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Huffman shall have **21 days** from the date of this Order to show cause as to why his petition for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as both procedurally defaulted and facially untimely.

---

[32]  *See* 28 U.S.C. § 2244(d)(1)(A) (providing that Section 2254 petition must be filed within one year of the date upon which the judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review").

[33]  *See generally* Doc. 1 (filed on December 5, 2025).

2.     If no response is timely received, the Court will dismiss Huffman's Section 2254 petition for the reasons provided herein.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

8