# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LEE HUFFMAN,

      Petitioner,

    v.

DAVID CLOSE,

      Respondent.

No. 4:25-CV-02334

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 17, 2026

Petitioner James Lee Huffman is currently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania.  He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his convictions and sentence entered by the Court of Common Pleas for Columbia County, Pennsylvania, at docket number CP-19-CR-0000687-2022.[1] Huffman, however, has filed his Section 2254 petition out of time and has not established a basis for tolling the statute of limitations.  He also failed to exhaust state remedies and has not demonstrated a basis to excuse his procedural default. Therefore, the Court must dismiss his Section 2254 petition.

---

[1]   *See generally* Doc. 1.

## I.    DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the district court must promptly review Section 2254 petitions and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[2]  District courts, moreover, may *sua sponte* raise the issues of procedural default[3] and the statute of limitations[4] when they appear on the face of a Section 2254 petition.

### A.    Procedural Default

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[5] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[6]  An exhausted claim is one that has been "fairly presented" to the state courts "by

---

[2]  28 U.S.C. § 2254 Rule 4.

[3]  This Court may *sua sponte* raise the issue of failure to exhaust state remedies and procedural default in a Section 2254 proceeding, even if waived by Respondent, "to further the interests of comity, federalism, and judicial efficiency." *See Sweger v. Chesney*, 294 F.3d 506, 520-21 & n.13 (3d Cir. 2002) (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)); *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987).  "Because [comity between sovereigns and judicial efficiency] concerns substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be raised or waived." *Sweger*, 294 F.3d at 520 n.13 (quoting *Szuchon v. Lehman*, 273 F.3d 299, 321 n.13 (3d Cir. 2001)); *Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004).

[4]  District courts may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)).

[5]  28 U.S.C. §§ 2241-2254.

[6]  *Id.* § 2254(b)(1)(A).

invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[7]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[8]  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[9]  "This exhaustion requirement is predicated on the principle of comity which ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights."[10]

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[11]  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's

---

[7]   *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

[8]   *Carpenter*, 296 F.3d at 146 (citations omitted).

[9]   *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

[10]  *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

[11]  *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).

procedural rule."[12]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[13]  If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[14]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[15]  To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[16]

Huffman was sentenced by the Court of Common Pleas of Columbia County, Pennsylvania, on February 15, 2024.[17]  On March 25, 2024, he filed a *pro se* post-sentence motion seeking reconsideration of his sentence.[18]  No action was taken on this post-sentence motion, likely because it was filed well out of time.[19]

---

[12]  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).

[13]  *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

[14]  *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

[15]  *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).

[16]  *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

[17]  *See Commonwealth v. Huffman*, No. CP-19-CR-0000687-2022 (Pa. Ct. Com. Pl. Columbia Cnty.).

[18]  *See id.*

[19]  *See id.*; PA. R. CRIM. P. 720(A)(1) (requiring post-sentence motions to be filed "no later than 10 days after imposition of sentence").

4

Huffman then filed a *pro se* notice of appeal on July 3, 2024.[20]  It appears that he filed a second *pro se* notice of appeal for the same case on August 19, 2024.[21]

On December 5, 2024, the Superior Court of Pennsylvania issued Huffman a rule to show cause, which explained that his post-sentence motion and his notices of appeal were filed out of time and required him to show cause as to why his appeal should not be quashed as untimely.[22]  Huffman failed to respond to this show-cause order, so on December 30, 2024, the Superior Court quashed Huffman's appeal.[23]

It does not appear that Huffman challenged the Superior Court's decision or filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA)[24] in the sentencing court.  Although Huffman alleges in his Section 2254 petition that he filed a PCRA petition on March 15, 2024 (asserting ineffective assistance of counsel),[25] no such PCRA petition appears on the publicly available docket for case number CP-19-CR-0000687-2022.[26]

Accordingly, because the Superior Court quashed Huffman's direct appeal without reaching the merits of any claim, and because it does not appear that

---

[20]  *See Commonwealth v. Huffman*, No. 1677 MDA 2024 (Pa. Super. Ct.).
[21]  *See Commonwealth v. Huffman*, No. 1310 MDA 2024 (Pa. Super. Ct.).
[22]  *See id.*
[23]  *See id.*
[24]  42 PA. CONS. STAT. § 9541 *et seq.*
[25]  *See* Doc. 1 at 3.
[26]  *See generally Commonwealth v. Huffman*, No. CP-19-CR-0000687-2022 (Pa. Ct. Com. Pl. Columbia Cnty.).

Huffman properly filed any post-conviction petitions in state court, none of the claims in the instant Section 2254 petition have been exhausted.  Thus, on February 5, 2026, the Court issued Huffman a show-cause order, giving him 14 days in which to demonstrate why his petition should not be dismissed for failure to exhaust state remedies.[27]  Huffman did not respond to this Order in any way.

Erring on the side of caution, on February 24, 2026, the Court issued an additional memorandum opinion and order, giving Huffman the opportunity to address his apparent procedural default as well as the ostensible expiration of the AEDPA limitations period.[28]  Once again, Huffman failed to respond.

The Court must conclude that Huffman has procedurally defaulted his Section 2254 claims.  He has not alleged, much less proven, cause and prejudice or a miscarriage of justice to excuse procedural default, so the Court cannot reach the merits of his claims and must dismiss his petition.[29]

### B.    Statute of Limitations

The AEDPA establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[30]  In most cases, and as appears to be relevant for Huffman's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the

---

[27]    Doc. 5.
[28]    *See generally* Doc. 6.
[29]    *See Martinez*, 566 U.S. at 9.
[30]    *See* 28 U.S.C. § 2244(d)(1).

expiration of the time for seeking such review."[31]  The AEDPA expressly provides

for tolling of this limitations period when "a *properly filed* application for State

post-conviction or other collateral relief" for the at-issue judgment is "pending."[32]

As recounted above, Huffman was sentenced on February 15, 2024.  He

therefore had 30 days—or until Monday, March 18, 2024—to file a notice of

appeal.[33]  Because Huffman did not timely file his post-sentence motion or timely

appeal his conviction, his judgment of conviction became "final" for post-

conviction purposes on March 18, 2024.  Huffman, therefore, had until March 18,

2025, to file a petition for post-conviction relief (*i.e.*, PCRA) in state court[34] or to

file a Section 2254 petition in federal court.[35]

Again, the publicly available state-court docket does not reflect any such

PCRA petition being filed, and Huffman did not file his Section 2254 petition until

November 30, 2025—over eight months out of time.[36]  Huffman, moreover, has

failed to respond to this Court's show-cause order regarding statutory tolling.

---

[31]  *Id.* § 2244(d)(1)(A).

[32]  *Id.* § 2244(d)(2) (emphasis added).

[33]  *See* PA. R. APP. P. 903(c)(3) (requiring, in criminal cases where no post-sentence motion has been filed, that notice of appeal be filed "within 30 days of the imposition of the judgment of sentence in open court").

[34]  *See* 42 PA. CONS. STAT. § 9545(b)(1) (requiring, generally, that PCRA petition must be filed "within one year of the date the judgment becomes final").

[35]  *See* 28 U.S.C. § 2244(d)(1)(A) (providing that Section 2254 petition must be filed within one year of the date upon which the judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review").

[36]  *See* Doc. 1 at 11; *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

Thus, Huffman's Section 2254 petition was not timely filed, and it cannot be saved by statutory tolling under Section 2244(d)(2).  His federal habeas claims, therefore, are time-barred unless he can establish some basis for equitable tolling.[37]

The AEDPA's statute of limitations is subject to equitable tolling.[38] Application of this doctrine, however, should be "sparing," occurring "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.[39]  To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition.[40]  The diligence required is "reasonable diligence," not "maximum feasible diligence."[41]  The extraordinary circumstance, or circumstances, must be "beyond [the petitioner's] control."[42]  Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.[43]

---

[37]   *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022).
[38]   *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).
[39]   *Id.* (alteration in original) (quoting *LaCava*, 398 F.3d at 275) (citing *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).
[40]   *Holland*, 560 U.S. at 649 (citation omitted).
[41]   *Id.* at 653 (citations omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).
[42]   *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 & n.2 (2016).
[43]   *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

Huffman has not made this difficult showing.  He has not even tried to do so.  As noted, Huffman failed to respond to this Court's detailed show-cause order raising the statute-of-limitations issue.  So equitable tolling does not apply, either.

The Court thus concludes that Huffman's federal habeas petition is barred by the AEDPA's statute of limitations.  Huffman has not established a reason for tolling that would render his federal petition timely, so his Section 2254 petition must be dismissed on this basis as well.

## II.    CONCLUSION

For the foregoing reasons, the Court will dismiss Huffman's Section 2254 petition.  His federal habeas claims are both procedurally defaulted and untimely.  The Court likewise declines to issue a certificate of appealability, as Huffman has failed to make a substantial showing of the denial of a constitutional right,[44] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[45]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[44]   28 U.S.C. § 2253(c)(2).
[45]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).